E-FILED
Thursday, 22 January, 2026  12:09:31 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

CHRISTOPHER LEWIS,                          )
                                            )
                        Plaintiff,          )
                                            )
v.                                          )          1:25-cv-01137-MMM
                                            )
DAKOTA DEMOSS, *et al.*                     )
                                            )
                        Defendants.         )

## ORDER

Plaintiff, proceeding pro se under 42 U.S.C. § 1983, presently incarcerated at Lincoln Correctional Center, asserts claims for a violation of his Fourth Amendment rights by Bloomington, Illinois, police officers. The case was stayed pending the resolution of Plaintiff's criminal charges. That has occurred. The stay is lifted. This order follows.

### I.    MERIT REVIEW

The case is before the Court for a merit review of Plaintiff's complaint. The Court must "screen" Plaintiff's complaint, and through such process identify and dismiss any legally insufficient claim. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.*

The Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). Conclusory statements and labels are insufficient—the facts alleged must "state a claim for relief

that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

Plaintiff names as Defendants Bloomington, Illinois, police officers Dakota Demoss, Christian Gallich, Bowen Benoit, Taylor Turner, and Chambers. He also names as Defendants the City of Bloomington and the Bloomington Police Department.

Plaintiff alleges that on the night of July 10 into July 11, 2023, Defendant Officers responded to his home after a 911 emergency call from another occupant of the home alleging a domestic disturbance incident in progress. At some unknown point after officers entered the home the 911 caller told them that the disturbance had ended, and told officers that they were no longer needed. Plaintiff alleges the presence of a roommate and a guest in the home who each provided officers with permission to search the premises, or portions of the premises. Plaintiff alleges that officers undertook an outstanding-warrant search, the results of which are unclear, which Plaintiff believes was impermissible. Someone indicated to police that there was a firearm present in the home. At some point, officers opened a cabinet in Plaintiff's home and found the firearm. Plaintiff is a felon, and it was not lawful for him to possess a firearm. Officers also searched Plaintiff's car. Plaintiff alleges officers were the last ones to have his keys, so, he asserts, they should also be held responsible for the fact that his car and its contents are now missing. Plaintiff was arrested at some point on the night in question.

Plaintiff later pleaded guilty to one count of being a felon in possession of a firearm, in McLean County, Illinois, Circuit Court. Misdemeanor battery and felony criminal damage to government property charges were nolle prosequied. It is unclear

the litigation history of the state criminal cases – particularly whether motions to suppress evidence were pursued in those actions, the nature of any such motions, and the resolution(s) thereof. But based on the publicly available record of hearings held in McLean County Case No. 2024CF000726 it does appear that several motion hearings were held. Given the obvious Fourth Amendment issues, and because denial of a motion to suppress may well prevent this Court from issuing an inconsistent legal ruling, Plaintiff must amend his pleadings to explain the motions litigated in the criminal case.

"Issue preclusion bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim." *Harris v. Huston*, 553 F. App'x 630, 631 (7th Cir. 2014) (quoting *Dexia Crédit Local v. Rogan*, 629 F.3d 612, 628 (7th Cir. 2010)). "Accordingly, a § 1983 plaintiff can be collaterally estopped from relitigating fourth amendment claims that were lost at a criminal suppression hearing." *Harris v. Huston*, 553 F. App'x 630, 631 (7th Cir. 2014) (holding that denial of motion to suppress based on car stop and search precluded later civil rights action); *see also Simpson v. Rowan*, 125 F. App'x 720, 723 (7th Cir. 2005) (holding that state court's denial of motion to suppress barred plaintiff from relitigating the issue in an action under 42 U.S.C. § 1983 because plaintiff had a full and fair opportunity to litigate the issue in the criminal proceedings).

And setting that issue aside, Plaintiff's allegations do not plausibly allege that the Defendants violated Plaintiff's Fourth Amendment rights. Officers were called to the

scene by another resident of Plaintiff's home, and officers were not required to believe Plaintiff, or for that matter the 911 caller, when they were told that the domestic violence incident had concluded. Officers were instead entitled to take reasonable measures to discover for themselves the nature of the situation at hand. Once a law enforcement officer discovers sufficient facts to establish probable cause that a crime has been committed, he has no constitutional obligation to conduct any further investigation in the hope of discovering exculpatory evidence or possible defenses. *Schimandle v. Dekalb Cnty. Sheriff's Off.*, 114 F.4th 648, 659 (7th Cir. 2024). Just because Plaintiff believes the investigation should have ended before it did does not make that allegation plausible without some additional detail as to the timeline involved.

Next, Plaintiff alleges that two occupants of the home gave officers consent to search some or all of the premises. Plaintiff's allegations now that one individual was a guest and had been coerced into consenting, and one was a roommate but only consented to the search of one room, leave the Court with a far from clear picture of what Plaintiff is alleging actually happened, from the point of view of a reasonable officer on the scene that night, regarding consent(s) to search.

Finally, Plaintiff alleges that police ran a warrant check but should not have done so because it unlawfully prolonged their presence in the home. His allegations related to the warrant check are unclear as to whether there was an outstanding warrant for his arrest or not. Arrest warrant checks of a reasonable duration performed when officers have reasonable suspicion of ongoing criminal activity do not violate the Fourth Amendment. *See Hall v. City of Chicago*, 953 F.3d 945, 954 (7th Cir. 2020).

Plaintiff will be allowed leave to amend his pleading to address these issues, if he can do so in good faith.

## II.    OTHER MOTIONS

Plaintiff's motions requesting subpoenas are denied. Docs. 10, 12. If Plaintiff elects to amend his complaint, and if his amended pleading states a claim, the Court will issue an order regarding the timing of discovery.

Plaintiff's motion requesting that the stay be lifted and the court conduct a merit review is denied as moot. Doc. 17.

IT IS THEREFORE ORDERED:

1. **The stay in this action is LIFTED.**

2. **Plaintiff's Motion for Subpoena [10], Motion for Subpoena [12], and Motion for Merit Review [17] are DENIED.**

3. **Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that the plaintiff has not stated a plausible claim for relief. Plaintiff is granted thirty days to file a proposed amended complaint if he believes he can do so consistent with the law. If an amended complaint is not filed the action will be dismissed without prejudice.**

Entered this 22nd day of January, 2026.

_s/Michael M. Mihm_
MICHAEL M. MIHM
UNITED STATES DISTRICT JUDGE